UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-CR-00143 (1) (JMB/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Brandon Lee Tahahwah, | |
| Defendant. | |

This matter is before the Court on United States' Motion for Preliminary Order of Forfeiture. (Doc. No. 32.) The Court finds that the property at issue—a 9mm-caliber Glock pistol, model 26, bearing serial number AEDK696, equipped with a high-capacity magazine and an attached conversion device commonly known as a "switch" or "auto sear," and all other accessories and any ammunition seized therewith (the Property)—is subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between the Property and the offense to which Defendant Brandon Lee Tahahwah pleaded guilty.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The United States' Motion for a Preliminary Order of Forfeiture related to the Property (Doc. No. 32) is GRANTED;

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 2253(a): a 9mm-caliber Glock pistol, model 26, bearing serial number AEDK696,

equipped with a high-capacity magazine and an attached conversion device commonly known as a "switch" or "auto sear," and all other accessories and any ammunition seized therewith;

3. The Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5. Pursuant to Federal Rules of Criminal Procedure 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to Defendant Brandon Lee Tahahwah at the time of his sentencing, and shall be made a part of the sentence and included in the criminal judgment;

6. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

7. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated:  January 8, 2025                                  /s/ *Jeffrey M. Bryan*
                                                                                                 Judge Jeffrey M. Bryan
                                                                                                 United States District Court